### WOOD v. OREGON DEVELOPMENT CO. et al.

(Circuit Court, D. Oregon. May 20, 1893.)

#### No. 2,005.

RECEIVERS — APPOINTMENT OF WITH REFERENCE TO PROCEEDINGS IN STATE COURT.

A receiver was appointed by the United States circuit court, for the Oregon Development Company, upon the representation that the appointment was concurred in by the officers of that corporation, and all parties in interest. It afterwards appeared that the development company was auxiliary to the operation of the road of the Oregon Pacific Company, and was indirectly involved in a controversy going on in a state court over the latter company; that two factions were contending for the control of the Pacific Company, one of which had succeeded in ousting the other, and proposed to apply to the state court for the appointment of a receiver for the development company, the defendant company herein. The dispossessed faction secured the resignation of the trustee of the bondholders of the development company, who was a citizen of the state, and the substitution of another, who was not, so as to give the federal court jurisdiction, and thereupon secured the appointment of a receiver before the state court could act. *Held,* that a receiver would not be appointed with a view to controversy with a receiver in the state court, or with reference to proceedings in such court; that the receiver appointed would be removed, and another appointed, who would stand indifferent between the contending factions.

In Equity. On motion to remove a receiver appointed in the cause of George S. Wood, trustee, against the Oregon Development Company and the Manhattan Trust Company. Motion granted.

E. H. Peery, for complainant.
John P. Fay, for interveners Brown & Blair.
E. C. Bronaugh, for receiver, R. A. Bensell.
Wallis Nash, for bondholders.

BELLINGER, District Judge. The receiver was appointed at chambers on May 1, 1893, upon the filing of the bill of complaint herein. It was done upon an application in behalf of what is claimed to be all but a small proportion of the creditors of the Oregon Development Company, acquiesced in by the attorney of the Manhattan Trust Company, the other defendant, and by the defendant as well. Mr. William M. Hoag, the then manager of the company, was also present, apparently co-operating in the movement to secure the appointment of such receiver. The appointment was made by the judge of this court, under the belief that substantially all interests to be affected by what was done were united in such application. Mr. R. A. Bensell was appointed

at the request of the parties so moving. It now appears that there are two hostile camps, waging war over the Oregon Pacific Railroad Company's property; that the Oregon Development Company's property is auxiliary to the operating of the former's road; that one of these factions has recently been dispossessed of the control of the railway property by the action of a state court, and, according to the representation of the dispossessed party, the other faction installed instead; that the successful party was about to proceed in the state court for the appointment of a receiver of the Oregon Development Company's property when their opponents, by securing the resignation of a trustee who was a citizen of Oregon, which was done on Sunday, the 30th of April, and the substitution of a new trustee, with the requisite citizenship to give this court jurisdiction, were able to move in this court, on the following Monday morning, for the appointment of their receiver, and to secure it in advance of the proceedings of their opponents, which were begun in the state court on Tuesday, in ignorance of what had been done in this court in the mean time.

As a reason for the appointment of a receiver, the complaint alleges the insolvency of the development company, and the alleged fact that a large part of the property of the company is in imminent danger of being lost and wasted or sold for taxes, and that the rentals thereof are in danger of being squandered; and, as if to emphasize the fact of this danger, Mr. William M. Hoag, the then manager of the property, was present, as already stated, in apparent co-operation with the movement for a receiver, to preserve the property of which he was manager from being thus wasted, lost, and squandered; and, the appointment being made, Mr. Hoag, acting as attorney in fact for his brother, T. Edgerton Hoag, the leader of one of these warring factions, executed the receiver's bond, as one of the sureties theron.

Upon these facts I do not doubt as to the course to be pursued. I do not care to consider any matters touching the integrity, independence, or qualifications of Mr. Bensell, the receiver, nor to consider the averments of the affidavits filed by the respective parties. I may, for the purposes of this motion, presume that either party is quite ready to do all that the other has done; but it is due to this court to discourage, as far as practicable, the enterprise that has been shown in the particular features of the case under consideration. As was said by Mr. Justice Miller in Meier v. Railway Co., 5 Dill. 478: "It becomes a duty of the court to see that its powers are exercised on principles of strict neutrality as regards the belligerents; and this can be done in this case by removing the representative of these hostile interests, and appointing a receiver who, in feeling and in conduct, will be strictly neutral and strictly honest." The receiver is solely the officer of this court. He must be, in the full sense of the term, the "representative of the court." He is in no way the representative of either party. His past relations, the influences that secured his appointment, his sympathies from whatever cause, must not be

such as to predispose him either way. He must be the appointee of the court. This, Mr. Bensell is not. He is the nominee of one hostile party, bitterly opposed by the other, whose appointment was made in the mistaken belief that all interests were united in him. The feeling which his appointment creates in the party opposed to those asking his appointment is such that his position will be an embarrassing one, and his usefulness as an officer of the court impaired. The unmistakable inference from the argument in support of the appointment is that the receivership of the Oregon Pacific property in the state court is one-sided and partisan; that such receiver's position is a menace to the interests of the development company; and that it is the duty of this court to interpose for the protection of such interests. I cannot consider such a suggestion. The propriety of what the state court has done or may do cannot be the subject of discussion here. I shall not appoint a receiver upon the idea that there is to be controversy with the receiver of the state court. On the other hand, it is the duty of this court to make such an appointment as will avoid any controversy between the two receivers, which would be an unseemly thing.

The motion for the removal of Mr. Bensell as receiver is allowed, for the reasons stated, to take effect upon the appointment and qualification of his successor. I will give opportunity for an agreement between the parties; and, if they are unable to agree, I will make an appointment agreeable to myself.